# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shaniece Bagby, *individually and on behalf of all others similarly situated*;<br><br>Plaintiff,<br><br>-v.-<br>Credit Control LLC,<br>Bureaus Investment Group Portfolio No 15, LLC, and John Does 1-25.<br><br>Defendant(s). | Civil Action 19   791<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br> |

Plaintiff Shaniece Bagby (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendants Credit Control LLC (hereinafter "Defendant Credit") and Defendant Bureaus Investment Group Portfolio No 15, LLC (hereinafter "Defendant Bureaus"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate (*Id.* § 1692(b)), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over all State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

2

## PARTIES

7. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia, 1544 Saint Luke St., Philadelphia, PA.

8. Defendant Credit Control, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5757 Phantom Dr. Ste 330, Hazelwood, MO 63042 and can be served process upon its registered agent, Richard A. Saffer at 5757 Phantom Dr. Ste 330, Hazelwood, MO 63042.

9. Upon information and belief, Defendant Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Bureaus is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 650 Dundee Rd., Ste 370, Northbrook, IL and can be served process upon its registered agent, Michael Slotky at 650 Dundee Rd., Ste 370, Northbrook, IL.

11. Upon information and belief, Defendant Bureaus is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the Commonwealth of Pennsylvania;

   b. to whom Defendant Credit sent an initial collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Bureaus;

   d. that deceives the consumer by omitting the complete and accurate requirement that every part of a consumer's dispute of a debt must be in writing, as provided for under §1692g (the "G-Notice");

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

4

issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A**, violate 15 U.S.C. §§ 1692e & 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. §§ 1692e & 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to July 27, 2018, an obligation was allegedly incurred to Capital One, N.A.

24. The Capital One, N.A obligation arose out of a transaction in which money, property, insurance or services were the subject of the transactions.

25. The alleged Capital One, N.A obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Capital One, N.A is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant Bureaus, a debt collector and subsequent owner of the Capital One, N.A. debt, contracted with Defendant Credit to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – July 27, 2018 Collection Letter*

29. On or about July 27, 2018, Defendant Credit sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed. A true and accurate copy of the Letter is attached as Exhibit A.

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

7

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

32. Specifically, with regard to section 1692g(a)(3), the Third Circuit has made clear that "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

33. Thus, within the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt <u>in writing</u> under §1692g(a)(3).

34. "[I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d

8

350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000) (citations omitted). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication. *Id.* at 111; *Wilson*, 225 F.3d at 354.

35. The Letter does not meet the required guidelines of the FDCPA, as interpreted by the Third Circuit, because it falsely omits the requirement of the "G Notice" in the first sentence by leaving out the requirement that a consumer must dispute in writing.

36. In omitting the writing requirement, Defendants' falsely communicate the consumer's requirements under the FDCPA.

37. Furthermore, the second sentence of the "G Notice" begins: "If" you notify us in writing..., implying that the writing requirement is voluntary. When coupled with the failure of the first sentence to contain any mention of the word "writing," the least sophisticated consumer would be confused as to what her actual requirements were for properly disputing the debt.

38. Pursuant to section 1692g(a)(3), the Third Circuit has made clear that "**any dispute, to be effective, must be in writing**." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (emphasis added). Thus, a written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirements.

39. "Thus, [the defendant's] validation notice does not provide a clear directive to the debtor that a dispute must be in writing…The only information presented to the least sophisticated debtor to determine whether the debt must be disputed in writing is the validation notice. **Because the validation notice does not expressly state that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing.**" *Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 U.S. Dist. LEXIS 2270, *8-9, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019) (emphasis added).

9

40. "Merely tracking the statutory language is insufficient to comply with Section 1692g—the validation notice 'must also be conveyed effectively to the debtor.' In the second sentence containing the (a)(4) notice, [Defendant] informed [Plaintiff] what information [it] can obtain "if" [it] disputes the debt in writing: 'If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.' **The 'least sophisticated debtor' could reasonably interpret this language to mean she can effectively dispute the debt orally.**" *Henry v. Radius Global Sols., LLC*, 2019 U.S. Dist. LEXIS 9006, *19, 2019 WL 266316 (E.D. Pa. Jan. 18, 2019) (emphasis added).

41. This false and inaccurate portion of the Letter is misleading because it fails to advise Plaintiff of the proper method for exercising her dispute and validation rights under the FDCPA.

42. Plaintiff sustained an informational injury as she was not fully apprised of her rights and responsibilities necessary to properly exercise her options under §1692g.

43. As a result of Defendants' false statements, Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the "G-Notice" requirements set forth in the FDCPA, as interpreted in the Third Circuit.

44. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

10

46. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendants violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

49. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Pursuant to 15 USC §1692g, a debt collector:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53. The Defendants violated 15 U.S.C. §1692g, by falsely misstating the consumer's rights by omitting the requirement that she must request validation and make any dispute of the debt in writing.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shaniece Bagby, individually and on behalf of all others similarly situated, demands judgment from Defendants Credit Control LLC and Bureaus Investment Group Portfolio No 15 LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 20, 2019

Respectfully Submitted,

GARIBIAN LAW OFFICES, P.C.

By: Antranig Garibian, Esq.
PA Bar No. 94538
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys For Plaintiff*

# EXHIBIT A

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (866) 279-1041

SHANIECE BAGBY

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

07/27/18

To make a payment online, please visit our website at www.credit-control.com

| Account # | Client # | Amount Due: |
|---|---|---|
| | ############ | $525.09 |

Original Creditor: Capital One, N.A.
Current Owner: BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC

✂ Detach Upper Portion And Return With Payment ✂

**IMPORTANT COLLECTION NOTICE**

Account #: 

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (866) 279-1041

CURRENT OWNER: BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC
ORIGINAL CREDITOR: Capital One, N.A.
AMOUNT DUE : $ 525.09

Dear SHANIECE BAGBY,

Please be advised that the account listed above has been referred to us by the current owner in the amount of $ 525.09 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

Stacey Benton
Collection Manager

To make a payment online, please visit our website at www.credit-control.com

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**



**REQUIRED STATE NOTICES**
We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under federal and state Law.

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

**COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR
You may pay in person at 1776 S. Jackson #900 Denver, CO 80210. You can reach our in-state office at 720-287-8692

**MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA:** This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY:** Credit Control, LLC is licensed by the New York City Department of Consumer Affairs for:
8757 Phantom Dr. Suite 330 Hazelwood, MO 63042 # 1233281
6628 Park Track Road, Tampa, FL 33626 #1472769
4710 Eisenhower Blvd Suite A-2, Tampa FL 33634 #1470332
6356 Redwood Dr. Suite 120, Las Vegas, NV 89118 #2023195

**NORTH CAROLINA:** North Carolina Department of Insurance Permit Number for:
8757 Phantom Dr. Suite 330 Hazelwood, MO 63042 # 103251
6628 Park Track Road, Tampa, FL 33626 # 105448
4710 Eisenhower Blvd Suite A-2, Tampa FL 33634 #111872
6356 Redwood Dr. Suite 120, Las Vegas, NV 89118 #112548

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

JS 44 (Rev. 06/17)  **CIVIL COVER SHEET**  19-CV-791

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Shaniece Bagby, individually and on behalf of all others similarly situated;

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antranig Garibian, Esq. Garibian Law Offices, PC
1800 JFK Blvd, Suite 300, Philadelphia, PA 19103
215-326-9179  ag@garibianlaw.com

### DEFENDANTS  19 791
Credit Control LLC,
Bureaus Investment Group Portfolio No 15, LLC,
and John Does 1-25

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
|  |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act - 15 USC Sect. 1692 et seq.
Brief description of cause:
Improper collection efforts regarding false, misleading and deceptive collection letter

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

FEB 25 2019

DATE 2/20/19
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   791

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1544 Saint Luke St., Philadelphia, PA 19135__

Address of Defendant: __5757 Phantom DR. Hazelwood, MO; 650 Dundee RD, Northbrook IL__

Place of Accident, Incident or Transaction: __See Plaintiff address__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/20/19__   _____signature_____   94538
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [✓] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* __Fair debt collections practices__

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

FEB 25 2019

DATE: _____   _____   _____
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Shaniece Babgby, individually and on behalf of all others similarly situated;<br>V.<br>Credit Control LLC, Bureaus Investment Group Portfolio No 15 LLC and John Does 1-25 | CIVIL ACTION<br>**19    791**<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 2/20/19 | _Anthony_ | Shaniece Bagby |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 326-9179 | (267) 238-3701 | ag@garibianlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 25 2019